# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 22, 2024**

ASHLEY N. DEEM, DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT F.,**
**Petitioner Below, Petitioner**

**v.) No. 23-ICA-278**          (Fam. Ct. Mason Cnty. No. FC-26-2022-D-110)

**KORRIE H.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert F.[1] ("Father") appeals the Family Court of Mason County's June 8, 2023, final order on the allocation of custodial responsibility. The family court held that the relocation statute, West Virginia Code § 48-9-403 (2021),[2] was inapplicable and ordered Robert F. to pay child support retroactively. Respondent Korrie H. ("Mother") filed a response in support of the family court's order.[3] Robert F. did not file a reply.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See, e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n. 1 (1990).

[2] West Virginia Code § 48-9-403, generally, deals with the relocation of a parent and requires parents who are subject to a parenting plan to file a petition for relocation with the family court at least ninety days, unless impracticable, prior to relocating. The statute requires the relocating parent to include the relocation date, new address, reason(s) for the relocation, a proposal as to how custody should be modified, and a request for hearing. Relevant to this case, West Virginia Code § 48-9-403(d)(1) states the relocating parent bears the burden of proving that:

(A) The reasons for the proposed relocation are legitimate and made in good faith; (B) that allowing relocation of the relocating parent with the child is in the best interests of the child as defined in § 48-9-102 of this code; and (C) that there is no reasonable alternative, other than the proposed relocation, available to the relocating parent that would be in the child's best interests and less disruptive to the child.

[3] Robert F. is represented by Jessica Carter, Esq. Korrie H. is represented by Tanya Hunt Handley, Esq.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's order is reversed, and this case is remanded for further proceedings consistent with this decision.

Father and Mother were never married but share one child, K.H., age five. Father was not listed on the child's birth certificate. The parties cohabitated in Mason County, West Virginia both before and after the child was born. In April of 2021, Mother relocated to a separate apartment with the child, who, after the relocation, rarely stayed overnight with Father, but saw Father regularly during the day. In July of 2022, Mother relocated to Texas with the child to pursue a relationship with the father of her other children and with whom her other children resided. Mother emailed Father informing him that she had relocated but did not disclose her new address. Father hired a private investigator to locate Mother. Upon learning of Mother's whereabouts, Father filed a petition to establish paternity and for the allocation of custodial responsibility in the Family Court of Mason County on August 23, 2022. Mother was served with the petition on December 8, 2022, and a temporary hearing was held on January 31, 2023, for which Mother appeared telephonically.

At the temporary hearing, both parties testified that Father was the child's biological father, which eliminated the necessity for paternity testing. The family court entered its *Temporary Parenting Order and Final Order Regarding Paternity* ("Temporary Order") on February 16, 2023. In the temporary order, the family court held that: (1) the relocation statute was inapplicable because Mother relocated prior to Father filing for the allocation of custodial responsibility; (2) Mother had legitimate reasons for her relocation;[4] (3) 50-50 custody was not practical due to certain limiting factors;[5] (4) Father would have the child for thirty consecutive days and Mother would have the child for sixty consecutive days, on

---

[4] Mother testified that she relocated in order to pursue a relationship with the father of her three other children, to be near her other children, and to be near her other family members.

[5] West Virginia Code § 48-9-209 (2022) provides a list of limiting factors which family courts must consider when determining whether the presumption for an equal (50-50) allocation of physical custody has been rebutted. Here, the family court held that the presumption was rebutted, and it was in the child's best interest to spend most of her time in Texas with Mother due to the following limiting factors: (1) the relationship between the child and her siblings; (2) the physical distance between the parties; (3) the cost and difficulty of transportation; and (4) disruption to the child's education.

an alternating basis until the child started school; (5) Mother was designated as the primary residential parent; and (5) Father was ordered to pay $504 in monthly child support.

The final hearing was held on April 12, 2023. At that hearing, the family court reiterated its findings that the relocation statute did not apply but stated that Mother relocated for legitimate reasons. The family court further found that Father took no legal action to get his name added to the child's birth certificate until the filing of the present action, that the child had always been near her older three siblings, and the driving distance between the parties' residences was more than twenty hours, making regular visits difficult. Father requested that the child either not attend preschool or alternate between Texas and West Virginia preschools every thirty days. Alternatively, Mother requested that the child attend preschool in Texas. Both parties agreed that the child would attend kindergarten in Texas. After hearing both arguments, the family court held that it was in the child's best interest to attend preschool solely in Texas. Regarding custody, the family court held that a 50-50 custodial allocation was not in the child's best interest due to the same limiting factors noted in the *Temporary Order*.

With regards to child support, Mother requested reimbursement child support beginning with the date the parties ceased living together, which was April of 2021. Pursuant to West Virginia Code § 48-24-104 (2001),[6] the family court ordered the following child support: (1) $426.64 per month from May 1, 2021, through August 31, 2021; (2) $504 per month from September 1, 2021, through July 31, 2022; (3) $412.46 per month from August 1, 2022, through October 21, 2022; and (4) $504 per month from November 1, 2022, through December 31, 2022. The family court entered its final order reflecting the same on June 8, 2023. It is from that order that Father now appeals.[7]

---

[6] West Virginia Code § 48-24-104, generally, addresses the establishment of paternity and the duty of child support. Section 104(a) states:

When the respondent, by verified responsive pleading, admits that the man is the father of the child and owes a duty of support, or if after a hearing on the merits, the court shall find, by clear and convincing evidence that the man is the father of the child, the court shall, subject to the provisions of subsection (c) of this section, order support in accordance with the support guidelines set forth in article 13-101, et seq.

West Virginia Code § 48-24-104(c) states, "[r]eimbursement support ordered pursuant to this section shall be limited to a period not to exceed thirty-six months prior to the service of notice of the commencement of paternity or support establishment[.]"

[7] This Court denied a motion to dismiss this case on January 11, 2024.

3

For these matters, we apply the following standard of review:

> In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*. Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court order).

On appeal, Father raises three assignments of error. First, he asserts that the family court erred by ruling that West Virginia Code § 48-9-403, otherwise known as the relocation statute, was inapplicable because Mother relocated prior to Father filing his custody petition. We find that the family court provided insufficient findings of facts and conclusions of law to support its decision regarding Mother's relocation. While West Virginia Code § 48-9-403(b) directly applies where parents who have "responsibility under a parenting plan" seek to relocate, West Virginia Code § 48-9-206(b) (2022) effectively incorporates the principles of the relocation statute when considering relocation matters in an initial order allocating custodial responsibility.

When deciding custodial allocation or parenting plan matters, family courts must be mindful of the presumption that equal (50-50) custodial allocation is in the best interest of the child. W. Va. Code § 48-9-102a (2022). However, in the event of a parent's relocation, "[t]he court shall apply the principles set forth in § 48-9-403 of this code if one parent relocates or proposes to relocate at a distance that will impair the ability of a parent to exercise the amount of custodial responsibility that would otherwise be ordered under this section." W. Va. Code § 48-9-206(b).

Rather than providing a thorough analysis of the principles in West Virginia Code § 48-9-403, the family court briefly summarized its findings of fact in paragraph ten of the final order, which states:

> [Mother] relocated from West Virginia to Texas with the minor child for legitimate reasons and not for the purpose of thwarting [Father's] parenting time. [Mother's] father resides in the State of Texas. Further, [Mother's] ex-husband . . . resides in the State of Texas. [Mother] has three (3) minor children with [her ex-husband], and [Mother] moved to Texas to resume a family relationship with [him].

4

We find the family court's failure to apply § 403 principles in its final order to be error. It is not our intention to imply that the family court's outcome should be different upon remand. However, the amended final order should include an analysis regarding whether Mother proved that her relocation was legitimate, made in good faith, in the child's best interest, and whether there was a reasonable alternative that would be less disruptive to the child, all in accordance with the principles of § 403. Additionally, the family court's final order should address Mother's decision to secretly relocate with the child and keep her whereabouts unknown, the fact that Father had to hire a private investigator to discover her location, and whether Mother met her burden of proof under the relocation statute in light of these events. Accordingly, on Father's first assignment of error, we vacate, in part, the portion of the family court's June 8, 2023, order as it relates to the inapplicability of the relocation statute to the case at bar, and remand to the family court for further proceedings consistent with this decision.

Next, Father argues that the family court erred when it ruled that the child's ability to have a stable preschool experience should take priority over his right to parenting time. On this point, we disagree with Father. Regarding the child's preschool attendance, the family court found that it was in the child's best interest to begin preschool when she turns four years old "so she can benefit from the educational and social aspects of schooling to ensure better success for her future." The family court held that "[i]t would be too confusing for the minor child to switch schools every [thirty] days and could interfere with her ability to learn to socialize with others." Here, it is clear that the family court properly weighed the evidence before it in deciding the best interest of the child. *See State v. Guthrie*, 194 W. Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995) ("An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact."). *See also In re Tiffany Marie S.*, 196 W. Va. 223, 231, 470 S.E.2d 177, 185 (1996) (A reviewing court may not overturn a family court's finding simply because it would have decided the case differently). However, we note that the issue of preschool may need to be reexamined by the family court if, upon remand, the court finds that Mother did not meet her burden of proof with regard to her relocation. However, if the family court finds that Mother did meet her burden of proof, the issue of where the child attends preschool does not need to be addressed further.

Lastly, Father asserts that the family court erred when it calculated child support retroactively pursuant to West Virginia Code § 48-24-104. Specifically, Father argues that: (1) a simple reading of West Virginia Code § 48-24-104(a) makes it clear that it applies when the respondent is the father, but here, Father was the petitioner in the family court proceedings; and (2) Mother missed her opportunity to file for support and should have been barred from it due to the doctrine of laches.[8] We disagree and conclude that Father's

---

[8] The doctrine of laches is "an equity doctrine to the effect that unreasonable delay will bar a claim if the delay is a prejudice to the defendant." *Kinsinger v. Pethel*, 234 W. Va. 463, 467, 766 S.E.2d 410, 414 (2014).

reading of § 48-24-104(a) is flawed. While § 48-24-104(a) makes reference to a father as a respondent, it also states that child support shall be ordered "if after a hearing on the merits, the court shall find, by clear and convincing evidence that the man is the father of the child." Here, Father admitted that he was the child's father, which eliminated the need for paternity testing. As to Father's argument that Mother's child support petition should have been barred by the doctrine of laches, this argument also lacks merit because Father failed to raise it as a defense in the proceedings below. The Supreme Court of Appeals of West Virginia has regularly held that "[o]ur general rule is that nonjurisdictional questions raised for the first time on appeal, will not be considered." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (citation omitted). Thus, we find no merit as to Father's argument in this regard.

Accordingly, based on the foregoing, we vacate, in part, the family court's June 8, 2023, order as it relates to the inapplicability of the relocation statute and remand this matter to the family court for the required, meaningful, and complete analysis pursuant to West Virginia Code § 48-9-403(d)(1) with regard to Mother's relocation. The family court's ruling regarding where the child attends preschool is affirmed unless the family court determines that it should be reexamined after the relocation issue is further analyzed. Further, the family court's ruling on child support is affirmed. The portions of the June 8, 2023, order relating to Mother's relocation shall remain in place until further proceedings are held in this matter upon remand.

Affirmed, in part, Vacated, in part, and Remanded, with instructions.

**ISSUED:** April 22, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear